**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**FREDERICK BANKS,**

                **Plaintiff,**

      **v.**                                      **CASE NO. 17-3119-SAC**

**SOO SONG, et al.,**

                **Defendants.**

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed against several defendants including federal officials and agencies. Plaintiff, an Ohio prisoner, proceeds pro se and seeks leave to proceed in forma pauperis.

**Background**

Plaintiff commenced this action on July 20, 2017, against two United States attorneys, a federal judge, a federal court, three agents of the Federal Bureau of Investigation (FBI), the FBI, the Central Intelligence Agency (CIA), the director of the CIA, the United States Marshals Service, a private attorney, and two correctional officers. He claims the defendant judge defamed him in a July 2017 hearing and misstated facts in order to keep him confined. He also claims the attorneys and judge caused him to be placed in a mental hospital so that he would be forced from his home. Finally, he claims that the defendant corrections officers prepared frivolous reports against him, and that they took this action at the request of the government and the FBI. He seeks damages, release from confinement, and the dismissal of criminal charges against him.

On August 8, 2017, the Court entered an order denying leave to

proceed in forma pauperis and directing plaintiff to submit the full filing fee within thirty days. This was based upon plaintiff's filing history in the federal courts and a determination that he is subject to the provisions of 28 U.S.C. § 1915(g).

On August 21, 2017, plaintiff filed a motion to vacate, stating that he is not subject to the provisions of 28 U.S.C. § 1915(g) because he is civilly committed. The Court granted the motion to vacate on November 15, 2017. Accordingly, plaintiff's objection to the initial partial filing fee is sustained and no collection action will be ordered.

**Screening**

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint,

however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombley* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

The Court has reviewed the complaint and finds no basis to allow this matter to proceed. First, it does not appear that venue is proper in the District of Kansas. Whether venue is proper in a federal

district is governed by 28 U.S.C. § 1391, which provides that a civil action may be brought in:

    (1)  a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

    (2)  a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or

    (3)  if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Here, none of the acts or omissions alleged took place in Kansas, and neither plaintiff nor any defendant is a Kansas resident or has any apparent connection to Kansas that would arguably provide a basis for personal jurisdiction in this district.

Under 28 U.S.C. § 1406, a "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406.

Here, the claims appear to be a spurious attack on ongoing criminal proceedings. It also appears that plaintiff has presented similar, if not identical, claims in other jurisdictions. *See, e.g., Banks v. Cocas*, 2017 4020376, *1 (N.D. Ohio, Sep. 13, 2017)(denying petition for mandamus where plaintiff "challenge[d] his on-going criminal prosecution in the Western District of Pennsylvania, claims he was defamed by his trial judge and the United States Attorneys

assigned to his case, and claims the FBI and the CIA are conspiring him to keep him incarcerated."). Because the claims do not have apparent merit, the Court concludes a transfer of this matter would not be in the interest of justice.

In sum, the Court finds this matter must be dismissed for lack of venue and finds the assertions are legally frivolous, so that the transfer of this matter to a district where venue would be proper is not warranted.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed.

IT IS FURTHER ORDERED plaintiff's motion to appoint counsel and a guardian ad litem (Doc. #8) is denied as moot.

IT IS FURTHER ORDERED plaintiff's objection to the initial partial filing fee (Doc. #10) is sustained, and no collection action will be ordered in this matter.

**IT IS SO ORDERED.**

DATED:  This 23rd day of February, 2018, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge